UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LASHON M. BEY,

       Plaintiff,

   v.

MICHAEL ARROYO, et al.,

       Defendants.

No. 1:22-cv-595-NLH-MJS

**MEMORANDUM OPINION AND ORDER**

**HILLMAN**, District Judge

    WHEREAS, on February 4, 2022, *pro se* Plaintiff Lashon M. Bey filed a complaint against Defendants Michael Arroyo, Anthony Moore, and Matthew Schmidt [Dkt. No. 1] for alleged civil rights violations; and

    WHEREAS, on February 7, 2022, the clerk issued summons for Plaintiff to effectuate service; and

    WHEREAS, over six months have passed since the Complaint was filed and Plaintiff has taken no further actions to prosecute this case, making no further filings in this action and failing to serve Defendants; and

    WHEREAS, Federal Rule of Civil Procedure 4(m) states that "if a defendant is not served within 90 days after the complaint is filed the court - on motion or on its own after notice to the

plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added); and

WHEREAS, the Clerk of the Court issued a Notice of Call For Dismissal on July 26, 2022; and

WHEREAS, Local Civil Rule 41.1(a) provides that "Civil cases, other than bankruptcy matters, which have been pending in the Court for more than 90 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party;" and

WHEREAS, Plaintiff timely filed a response to the Notice of Call For Dismissal on August 16, 2022, stating "(1) Plaintiff has been unable to serve defendants due to mental health issues (i.e. PTSD, severe depression and severe anxiety) caused by said defendants. The mere thought of having to serve the defendants has impeded plaintiff's ability to function on a day to day basis and the Plaintiff is seeking treatment for said issues. (2) The plaintiff will work diligently moving forward to assure

defendants are served properly and in a timely manner if the court allows the plaintiff to do so." Plaintiff's Affidavit of Good Cause [Docket Number 5]; and

WHEREAS, the Court finds that Plaintiff has not demonstrated good cause for the failure to serve Defendants sufficient to warrant the mandatory extension of time to serve the complaint and summons contemplated by Fed. R. Civ. P. 4(m). Specifically, Plaintiff knew of his failure to serve Defendants as he claims the mere thought of having to serve Defendants impeded his ability to function yet he had no apparent difficulty filing this action in the first instance. Plaintiff's proffered explanation for failure to serve fails to meet the "good cause" standard; and

WHEREAS, while the lack of good cause would justify dismissal without prejudice under both Rule 4(m) and Local Civil Rule 41.1(a); see, e.g., Mathies v. Silver, 450 F. App'x 219, 221 (3d Cir. 2011) (affirming district court's dismissal of action in which plaintiff failed to effect service); Kabacinski v. Bostrom Seating, 98 F. App'x 78, 82 n.3 (3d Cir. 2004) (stating that district courts are authorized to impose even harsh penalties for violations of the local rules, including dismissal of a complaint for failure to prosecute), the Court retains the discretion to grant an extension of time for Plaintiff to effectuate service even in the absence of good

3

cause, see Mathies, 450 F. App'x at 221; see also L. Civ. R. 41.1(a) and Fed. R. Civ. P. 4(m); and

WHEREAS, in light of the allegations in the Complaint and Plaintiff's pro se status, the Court will allow Plaintiff one final opportunity to serve Defendants before dismissing the case.

THEREFORE,

IT IS HEREBY on this  30th  day of August, 2022

ORDERED that Plaintiff shall have sixty (60) days from the date of this Memorandum Opinion and Order to effectuate service upon the Defendants as dictated by the Rules; and it is further

ORDERED that if Plaintiff fails to properly serve the Defendants, and file proof of such service, within the timeframe set forth above, this action will be dismissed against all Defendants; and it is further

ORDERED that the Clerk of the Court shall provide Plaintiff, who is a *pro se*, with a copy of this Order via regular mail.

At Camden, New Jersey

   s/ Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.

4