UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LASHON M. BEY

    Plaintiff,

v.

MICHAEL ARROYO, et al.,

    Defendants.

No. 1:22-cv-00595-NLH-MJS

**MEMORANDUM OPINION AND ORDER**

**HILLMAN**, District Judge

    WHEREAS, on February 4, 2022 Plaintiff Lashon M. Bey ("Plaintiff") filed the instant action alleging violation of his Fourth Amendment rights by Michael Arroyo, Anthony Moore, and Matthew Schmidt ("Defendants") in their official capacities as members of the Atlantic City Police Department pursuant to 42 U.S.C. § 1983, (ECF 1); and

    WHEREAS, the Clerk issued a summons for the effectuation of service on February 7, 2022, (ECF 3); and

    WHEREAS, a notice of call for dismissal pursuant to Local Civil Rule 41.1(a) was entered on July 26, 2022, (ECF 4), to which Plaintiff responded with an attestation stating that he had not yet served Defendants due to mental-health considerations, (ECF 5 at 1); and

    WHEREAS, the Court – in an August 30, 2022 memorandum opinion and order – concluded that Plaintiff failed to

demonstrate good cause for failure to serve Defendants, but nonetheless provided an additional sixty days to effectuate service, (ECF 6 at 3-4); and

WHEREAS, Plaintiff, on October 24, 2022, submitted a return-of-service form on the docket with copies of certified-mail receipts apparently delivered to Defendants at 2711 Atlantic Avenue in Atlantic City, (ECF 7);[1] and

WHEREAS, a second notice of call for dismissal was entered on February 28, 2023, (ECF 8), to which Plaintiff responded in a letter that Defendants were served in October and had not yet responded and that Plaintiff is "fully prepared to move forward with court proceedings if the court will allow the case to be heard," (ECF 9); and

WHEREAS, pursuant to the Federal Rules of Civil Procedure, if a defendant is not served within ninety days of the filing of the complaint, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time," Fed. R. Civ. P. 4(m); and

---

[1] It appears to the Court that Plaintiff attempted to serve Defendants at their place of employment.  A Google search of the "Atlantic City Police Department" lists the address 2711 Atlantic Avenue.  The Court notes that the Atlantic City Police Department's website provides 2715 Atlantic Avenue as the address for the Public Safety Building and Atlantic City Police Department Support Services and 1301 Bacharach Boulevard for Internal Affairs.  Police, Atl. City, https://www.acnj.gov/Departments/police/ (last visited Mar. 7, 2023).

WHEREAS, Rule 4 further states that individuals within a judicial district of the United States may be served by delivering copies of the summons and complaint to them via personal service, leaving copies of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age, delivering copies of the summons and complaint to an agent authorized to receive process, or following laws for service in the state in which the district is located or service is made, Fed. R. Civ. P. 4(e), and local governments may be served by delivering a copy of the summons and complaint to the chief executive officer or serving copies of the summons and complaint in a manner compliant with state law, Fed. R. Civ. P. 4(j)(2); and

WHEREAS, the New Jersey Rules of Court provide that "[s]ummonses shall be served, together with a copy of the complaint, by the sheriff, or by a person specially appointed by the court for that purpose, or by plaintiff's attorney or the attorney's agent, or by any other competent adult not having a direct interest in the litigation," N.J. Ct. R. 4:4-3(a); see also City of Passaic v. Shennett, 915 A.2d 1092, 1097 (N.J. Super. Ct. App. Div. 2007) ("Personal service is the primary method of service in New Jersey." (citing New Jersey Rules of Court 4:4-3 and 4:4-4)); and

WHEREAS, "New Jersey law does not authorize service by

certified mail unless Plaintiff was unable to effectuate personal service," Mercado v. Toyota Fin. Servs., Inc., No. 21-13631, 2022 WL 1078227, at *1 (D.N.J. Mar. 16, 2022) (citing New Jersey Rule of Court 4:4-3(a)), rather service may be made by registered or certified mail only "[i]f personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity . . . ," N.J. Ct. R. 4:4-3(a); Ceus v. N.J. Laws. Serv., LLC, No. 19-17073, 2020 WL 5017053, at *2 (D.N.J. Aug. 25, 2020); and

WHEREAS, Plaintiff represents that Defendants were served in October 2022, (ECF 9), and the record indicates that Plaintiff sought to effectuate service via certified mail, (ECF 7); and

WHEREAS, Plaintiff has not described any good faith attempt to personally serve Defendants, and therefore the Court holds that service has not been effectuated pursuant to the Federal Rules of Civil Procedure and New Jersey Rules of Court; and

WHEREAS, the Court finds that it may dismiss Plaintiff's complaint without prejudice, see Fed. R. Civ. P. 4(m); and

WHEREAS, though the Court advised in its previous memorandum opinion and order that it was permitting "Plaintiff one final opportunity to serve Defendants before dismissing the case," (ECF 6 at 4), the Court will exercise its discretion under Federal Rule of Civil Procedure 4(m) and – in the interest

of justice and in recognition of Plaintiff's apparent good faith attempt to serve Defendants – provide a final thirty-day extension for Plaintiff to effectuate service, see Cunningham v. New Jersey, 230 F.R.D. 391, 393 (D.N.J. Sept. 12, 2005) ("If no good cause [to extend time for service] exists, 'the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.'" (quoting Petrucelli v. Bohringer and Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir. 1995))); and

WHEREAS, if Plaintiff fails to effectuate service as set forth in applicable procedural rules within thirty days, the Court intends to dismiss Plaintiff's complaint without prejudice, see Fed. R. Civ. P. 4(m).[2]

THEREFORE,

IT IS HEREBY on this __8th__ day of __March__, 2023

ORDERED that Plaintiff is granted thirty days from the date of this opinion and order to effectuate service in a manner

---

[2] The Court briefly comments on Plaintiff's most recent letter asserting that he is "fully prepared to move forward with court proceedings if the court will allow the case to be heard." (ECF 9). The Court acknowledges that Plaintiff is proceeding pro se. However, it reminds Plaintiff that – presuming that he properly effectuates service on Defendants within the time allotted – it is his responsibility to prosecute his own case, including seeking the Clerk's entry of default and thereafter default judgment pursuant to Federal Rule of Civil Procedure 55 if Defendants are properly served and nonetheless fail to defend against Plaintiff's claims.

consistent with Federal and New Jersey rules.  If Plaintiff fails to effectuate proper service, the Court will dismiss the complaint without prejudice.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |