```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LASHON M. BEY | No. 1:22-cv-00595-NLH-MJS |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| MICHAEL ARROYO, et al., | |
| Defendants. | |

**HILLMAN**, District Judge

WHEREAS, on February 4, 2022 Plaintiff Lashon M. Bey ("Plaintiff") filed the instant action alleging violation of his Fourth Amendment rights by Michael Arroyo, Anthony Moore, and Matthew Schmidt (collectively "Defendants") in their official capacities as members of the Atlantic City Police Department pursuant to 42 U.S.C. § 1983, (ECF 1); and

WHEREAS, after two notices of call for dismissal, (ECF 4; ECF 8), for failure to serve Defendants in a timely manner pursuant to Federal Rule of Civil Procedure 4, the Court by Order and Opinion granted Plaintiff one final chance to effectuate service, (ECF 10); and

WHEREAS, Plaintiff filed proof of service on the docket, (ECF 11), and thereafter Defendants filed an answer on April 23, 2023, (ECF 12); and

WHEREAS, Defendants' answer asserts twenty-six separate

affirmative defenses, (id.); and

WHEREAS, on June 23, 2023, two months after Defendants' answer, Plaintiff filed a Motion to Strike seventeen of Defendants' affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f), (ECF 19); and

WHEREAS, on July 2, 2023, Defendants filed their opposition to the Motion to Strike, (ECF 20); and

WHEREAS, under the plain terms of Federal Rule of Civil Procedure 12(f), a motion to strike made by a party must be made within twenty-one days of the answer as the Federal Rules of Civil Procedure do not permit a response to an answer without counterclaims, see Fed. R. Civ. P. 12(f)(2), rendering Plaintiff's motion untimely, see United States v. 0.28 Acre of Land, More or Less, Situate in Washington Cnty., Pa., No. 09-cv-0583, 2009 WL 4408194, at *2 (W.D. Pa. Nov. 25, 2009)(denying a Rule 12(f) motion filed forty-nine days after the answer as untimely); and

WHEREAS, the Court also recognizes that because Federal Rule of Civil Procedure 12(f)(1) allows the Court to strike on its own motion, the weight of authority holds that it has the authority to consider a motion to strike filed out of time, see e.g., Newborn Bros. Co., Inc. v. Albion Eng'g Co., 299 F.R.D. 90, 95-96 (D.N.J. Mar. 27, 2014); and

WHEREAS, the Court also recognizes that motions to strike

are generally disfavored because they can be dilatory and used to harass and are rarely granted without a showing of prejudice, Fowler v. AT&T, Inc., No. 18-667, 2018 WL 5634688, at *1 (D.N.J. Oct. 31, 2018); and

WHEREAS, it appears from the docket in this matter that the parties are proceeding through discovery, (ECF 32), a process that should help resolve which, if any, of Defendants' affirmative defenses have merit; and

WHEREAS, the time has not yet passed to file motions for summary judgment, which if filed by the Plaintiff could adjudicate any affirmative defenses on the merits rather than on pleading technicalities; and

WHEREAS, the Court being of the view that the better course at this stage of the proceedings is for the Court to exercise its discretion to deny Plaintiff's motion to strike even if its untimeliness was to be excused and his motion has some merit[1] in

---

[1] By way of example, and example only, the Court notes that Defendants appear to assert affirmative defenses based on the New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. § 59:8-8, which as a matter of law do not apply to Plaintiff's sole claim for liability under 42 U.S.C. § 1983, see Cnty. Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 174 (3d Cir. 2006) (noting that NJTCA notice requirements do not apply to a Section 1983 action) (citing Fuchilla v. Layman, 537 A.2d 652, 658 (N.J. 1988))). The Court's overall impression of the asserted affirmative defenses is that Defendants filed a boilerplate answer without consideration of the sole claim brought by Plaintiff. Defendants are strongly urged to voluntarily dismiss any affirmative defenses that are not well grounded in fact and law. If Defendants do not do so, Plaintiff may move for partial

favor of dispositive motion practice.

    THEREFORE, it is HEREBY on this  7th  day of December, 2023

    **ORDERED** that Plaintiff's Motion to Strike, (ECF 19), be, and the same hereby is, **DENIED** as untimely, and in the alternative, on the merits, without prejudice to Plaintiff's right to move at any appropriate time for summary judgment on any, or all, of Defendants' affirmative defenses.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |

---

summary judgment at the appropriate time on any invalid defenses.  See Fed. R. Civ. P. 56(a).